UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **REACH COUNSELING SERVICES,** | ) | **CASE NO. 1:15CV2351** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **CITY OF BEDFORD, OHIO,** | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #17) of Defendant, City of Bedford, to Dismiss Plaintiff's Complaint pursuant to the United States Supreme Court's holding in *Younger v. Harris*, 401 U.S. 37 (1971).  For the following reasons, the Motion is granted in part only.

**I. BACKGROUND**

Plaintiff, REACH Counseling Services ("REACH"), is a non-profit organization licensed by the Ohio Department of Mental Health and Addiction Services ("OMHAS"). REACH provides housing, supervision, counseling and twenty-four-hour personal care services to disabled children in a family-style setting.  REACH, partnered with Education

Alternatives, another non-profit organization that assists disabled children applied to Bedford to operate a Type I group home at 314 Union Street, Bedford, Ohio. Bedford Ordinance 1915.24 prohibits a group home "within a 500 yard radius of a local School, Library or another group home." REACH filed a conditional use application. On May 12, 2015, Bedford granted REACH a reasonable accommodation for a conditional use of the Union Street Home in a zoning-group R-2 residential area, with the caveat that REACH comply with the requirements of the Building, Fire and Engineering Departments.

Bedford further advised REACH that the City would issue a Certificate of Occupancy under the Residential Code for no more than five lodgers or boarders. REACH sought to increase the occupancy from five residents to seven. Bedford denied a Certificate of Occupancy for seven residents in the Union Street Home because it lacked the automatic sprinkler system required by the more stringent Ohio Commercial Building Code.

REACH appealed to the Planning Commission and requested that the City grant a reasonable accommodation to permit seven children to reside at the Union Street Home under the Residential Code. On November 12, 2015, REACH's appeal was denied. Following the denial, this lawsuit was filed on November 17, 2015. REACH alleged that the City of Bedford violated state and federal fair housing laws.

REACH sought additional review from the Ohio Board of Building Appeals in early 2016. REACH argued the significant financial burden of complying with the Ohio Building Code, mandating the installation of a costly fire suppression system which would otherwise not be required of single-family homes with seven occupants. On April 13, 2016, the Board upheld Bedford's Building Commissioner's decision denying the Certificate of Occupancy.

On April 27, 2016, REACH's partner, Education Alternatives, filed an administrative appeal with the Cuyahoga County Common Pleas Court, appealing the decision of the Board of Building Appeals. (Case No. CV-16-862467).

On April 29, 2016, REACH filed its First Amended Complaint in this action (ECF DKT #16), which superceded its original Complaint. REACH alleges that Bedford's Zoning Ordinances and Building Codes discriminate against disabled individuals, preventing them and their housing providers from living where they choose and enjoying the same use of their property experienced by non-disabled City residents. Bedford's application of its Building Codes is unlawfully restrictive and operates to force REACH (and the disabled population it serves) out of the City. REACH claims to have suffered irreparable injury and lost income and goodwill. REACH seeks injunctive relief, declaratory judgment and damages.

Bedford moves for dismissal of this action pursuant to the *Younger* abstention, because the actions of REACH and its partner, Education Alternatives, have forced Bedford to defend itself against the same claims, issues and arguments in two forums. Bedford has consistently argued that the Ohio Building Code does not give it authorization to grant the accommodation nor to issue the certificate of occupancy that REACH and Education Alternatives want.

The state court has an interest in the rights of disabled citizens and in interpreting the State of Ohio's Administrative Code. In the pending administrative appeal, the state court could affirm the Ohio Board of Building Appeals, could determine that the Ohio Building Code violates fair housing laws and is discriminatory or could declare that REACH should be granted a reasonable accommodation. Any of these determinations would impact the District

Court's decision.

## II. LAW AND ANALYSIS

### Abstention

"Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992).

Under the *Younger* doctrine of abstention, absent extraordinary circumstances, a federal court must decline to interfere with pending state civil or criminal judicial proceedings where important state interests are involved. *Younger*, 401 U.S. at 44-45. *Younger* abstention can apply where a federal plaintiff seeks injunctive or declaratory judgment relief. *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1074 (6th Cir.1998). However, *Younger* does not apply when the federal plaintiff is also the plaintiff in the state court action, because the plaintiff is not seeking to use the federal court to shield himself from state enforcement efforts. *Devlin v. Kalm*, 594 F.3d 893, 895 (6th Cir.2010), citing *Crawley v. Hamilton County Comm'rs*, 744 F.2d 28 (6th Cir.1984).

There are certain circumstances under which a federal court may abstain from deciding a federal action in deference to a pending state proceeding. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). "*Colorado River* abstention is a doctrine of judicial economy which derives from principles of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *GMBB, Inc. v. Travelers Indemnity Company*, 100 F.Supp.2d 465, 472 (E.D. Mich. 2000), quoting *Colorado River*, 424 U.S. at 817. Its purpose is "to avoid duplicative litigation." *Id*.

As REACH alleges in the Amended Complaint, it partnered with Education Alternatives to operate the Union Street Home in the City of Bedford, Ohio.  (ECF DKT #16). REACH and its partner sought reasonable accommodations and the Certificate of Occupancy. They pursued administrative appeals.  (See Exhibit A to the Amended Complaint).  Education Alternatives filed the Administrative Appeal in Cuyahoga County Common Pleas Court, followed by REACH's filing of the First Amended Complaint here.

Although preceding the current federal lawsuit by only two days, there is a parallel, prior-filed action pending in state court.  Due deference should be shown to the state court's determination of Ohio's own Building Codes.  "[A]bstaining under these circumstances affords the [state] courts the respect they are due as our equals in a federalist judicial system." *Gottfried v. Medical Planning Services*, *Inc.*, 142 F.3d 326, 332 (6th Cir. 1998), citing *Juidice v. Vail*, 430 U.S. 327, 335-36 (1977).

### III. CONCLUSION

For these reasons, the Court grants the Motion (ECF DKT #17) of Defendant City of Bedford in part only.  The Court abstains in this matter and defers to the Ohio state court pursuant to the *Colorado River* doctrine.  Since the within Amended Complaint seeks both injunctive relief and compensatory damages, and because the United States Supreme Court has held that "[u]nder our precedents, federal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary," the above-captioned case is more appropriately stayed and removed from the active docket.  *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731 (1996).

The parties are directed to pursue their rights and remedies in the administrative

appeal currently pending in the Cuyahoga County Common Pleas Court.

**IT IS SO ORDERED.**


                                                **s/ Christopher A. Boyko**
                                                **CHRISTOPHER A. BOYKO**
                                                **United States District Judge**

**Dated:  February 16, 2017**