# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **REACH COUNSELING SERVICES,** | ) | **CASE NO. 1:15CV2351** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **CITY OF BEDFORD, OHIO,** | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #57) of the State of Ohio to Dismiss. For the following reasons, the Motion is granted.

## I. BACKGROUND

Plaintiff, REACH Counseling Services ("REACH"), is a non-profit organization licensed by the Ohio Department of Mental Health and Addiction Services ("OMHAS"). REACH provides housing, supervision, counseling and twenty-four-hour personal care services to disabled children in a family-style setting. REACH, partnered with Education Alternatives, another non-profit organization that assists disabled children, applied to Bedford to operate a Type I group home at 314 Union Street, Bedford, Ohio. REACH filed a conditional use application. On May 12, 2015, Bedford granted REACH a reasonable accommodation for a conditional use of the Union Street Home in a zoning-group R-2 residential area, with the caveat that REACH comply with the requirements of the Building, Fire and Engineering Departments.

Bedford further advised REACH that the City would issue a Certificate of Occupancy under the Residential Code for no more than five lodgers or boarders. REACH sought to increase the occupancy from five residents to seven. Bedford denied a Certificate of Occupancy for seven residents in the Union Street Home because it lacked the automatic sprinkler system required by the more stringent Ohio Commercial Building Code.

REACH appealed to the Planning Commission and requested that the City grant a reasonable accommodation to permit seven children to reside at the Union Street Home under the Ohio Residential Code. On November 12, 2015, REACH's appeal was denied. Following the denial, this lawsuit was filed on November 17, 2015. REACH alleged that the City of Bedford violated state and federal fair housing laws.

REACH sought additional review from the Ohio Board of Building Appeals in early 2016. REACH argued the significant financial burden of complying with the Ohio Building Code, mandating the installation of a costly fire suppression system which would otherwise not be required of single-family homes with seven occupants. On April 13, 2016, the Board upheld Bedford's Building Commissioner's decision denying the Certificate of Occupancy.

On April 27, 2016, REACH's partner, Education Alternatives, filed an administrative appeal with the Cuyahoga County Common Pleas Court, appealing the decision of the Board of Building Appeals. (Case No. CV-16-862467).

On April 29, 2016, REACH filed its First Amended Complaint in this action (ECF DKT #16), which superceded its original Complaint. REACH alleged that Bedford's Zoning Ordinances and Building Codes discriminate against disabled individuals, preventing them and their housing providers from living where they choose and enjoying the same use of their

property experienced by non-disabled City residents. Bedford's application of its Building Codes is unlawfully restrictive and operates to force REACH (and the disabled population it serves) out of the City. REACH claimed to have suffered irreparable injury and lost income and goodwill. REACH sought injunctive relief, declaratory judgment and damages.

On February 28, 2018, REACH filed its Second Amended Complaint for Preliminary and Permanent Injunctive Relief, Declaratory Judgment and Damages. REACH adds the State of Ohio as a party but its substantive claims continue to focus on the City of Bedford's conduct. REACH alleges violations of the federal Fair Housing Act, violations of Ohio's Fair Housing Act and constitutional violations under 42 U.S.C. § 1983.

The State of Ohio moves for dismissal on the basis of Eleventh Amendment immunity. In opposition, REACH concedes that it has made no substantive allegations against the State of Ohio and does not allege that the State improperly defines "family" or unconstitutionally discriminates against disabled children. REACH does insist that Bedford refused to grant REACH a reasonable accommodation because the City will not "interpret the Ohio Residential Code in a way that would allow seven disabled children living at the Union Street Home to be treated just like any other family within the City of Bedford." (ECF DKT #59 at 5). Bedford asserts that the Ohio Building Code sets minimum standards which municipalities cannot vary or alter at the risk of decertification by the state of their building officials. The City contends that the Ohio Revised Code and the Ohio Administrative Code do not authorize any accommodation or variance from Ohio's Building Code. In this context, the Court believed that the State of Ohio should be made a part of this litigation.

## II. LAW AND ANALYSIS

Unless a state consents to be sued or Congress expresses its intent to abrogate immunity, the Eleventh Amendment "bars all suits, whether for injunctive, declaratory or monetary relief" brought by individuals against a state. *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012); *Latham v. Office of Atty. Gen.of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005).

In the absence of objection from REACH, the Court agrees that the State of Ohio should be dismissed as a party defendant. However, under R.C. § 2721.12 governing declaratory judgment actions, if any statute or ordinance is alleged to be unconstitutional, the attorney general shall be served with a copy of the complaint and shall be heard.

## III. CONCLUSION

Therefore, the Motion (ECF DKT #57) of the State of Ohio to Dismiss is granted. Nonetheless, the Court orders the Ohio Attorney General to file a formal statement, no later than two weeks from the date of this Order, indicating whether the State of Ohio chooses to participate in any fashion with regard to the within Declaratory Judgment claim and the City of Bedford's interpretation and application of the Ohio Building Code.

**IT IS SO ORDERED.**

                                        s/ Christopher A. Boyko  
                                        **CHRISTOPHER A. BOYKO**  
                                        **United States District Judge**

Dated: May 23, 2018