**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **REACH COUNSELING SERVICES,** | ) | **CASE NO. 1:15CV2351** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **CITY OF BEDFORD, OHIO,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #50) of Plaintiff REACH Counseling Services for Leave to File Third Amended Complaint and the Motion (ECF DKT #58) of Defendant City of Bedford to Dismiss Plaintiff's Second Amended Complaint. For the following reasons, the Motions are denied.

**I. BACKGROUND**

Plaintiff, REACH Counseling Services ("REACH"), is a non-profit organization licensed by the Ohio Department of Mental Health and Addiction Services ("OMHAS"). REACH provides housing, supervision, counseling and twenty-four-hour personal care services to disabled children in a family-style setting. REACH, partnered with Education

Alternatives, another non-profit organization that assists disabled children, applied to Bedford to operate a Type I group home at 314 Union Street, Bedford, Ohio. REACH filed a conditional use application. On May 12, 2015, Bedford granted REACH a reasonable accommodation for a conditional use of the Union Street Home in a zoning-group R-2 residential area, with the caveat that REACH comply with the requirements of the Building, Fire and Engineering Departments.

Bedford further advised REACH that the City would issue a Certificate of Occupancy under the Residential Code for no more than five lodgers or boarders. REACH sought to increase the occupancy from five residents to seven. Bedford denied a Certificate of Occupancy for seven residents in the Union Street Home because it lacked the automatic sprinkler system required by the more stringent Ohio Commercial Building Code.

REACH appealed to the Planning Commission and requested that the City grant a reasonable accommodation to permit seven children to reside at the Union Street Home under the Ohio Residential Code. On November 12, 2015, REACH's appeal was denied. Following the denial, this lawsuit was filed on November 17, 2015. REACH alleged that the City of Bedford violated state and federal fair housing laws.

REACH sought additional review from the Ohio Board of Building Appeals in early 2016. REACH argued the significant financial burden of complying with the Ohio Building Code, mandating the installation of a costly fire suppression system which would otherwise not be required of single-family homes with seven occupants. On April 13, 2016, the Board upheld Bedford's Building Commissioner's decision denying the Certificate of Occupancy.

On April 27, 2016, REACH's partner, Education Alternatives, filed an administrative

appeal with the Cuyahoga County Common Pleas Court, appealing the decision of the Board of Building Appeals. (Case No. CV-16-862467).

On April 29, 2016, REACH filed its First Amended Complaint in this action (ECF DKT #16), which superceded its original Complaint. REACH alleged that Bedford's Zoning Ordinances and Building Codes discriminate against disabled individuals, preventing them and their housing providers from living where they choose and enjoying the same use of their property experienced by non-disabled City residents. Bedford's application of its Building Codes is unlawfully restrictive and operates to force REACH (and the disabled population it serves) out of the City. REACH claimed to have suffered irreparable injury and lost income and goodwill. REACH sought injunctive relief, declaratory judgment and damages.

On February 28, 2018, REACH filed its Second Amended Complaint for Preliminary and Permanent Injunctive Relief, Declaratory Judgment and Damages. This current Complaint adds the State of Ohio as a party but the substantive claims continue to focus on the City of Bedford's conduct. REACH alleges violations of the federal Fair Housing Act, violations of Ohio's Fair Housing Act and constitutional violations under 42 U.S.C. § 1983.

REACH now seeks leave to file a Third Amended Complaint adding Education Alternatives as a party plaintiff; asserting claims relating to Bedford's allegedly unlawful Criminal Activity Nuisance Ordinance ("CANO") and Bedford's alleged campaign of harassment and discrimination; and clarifying the bases upon which Bedford's group home ordinance is unconstitutional.

Bedford opposes the amendment and seeks dismissal of the Second Amended Complaint on the grounds of res judicata and mootness.

## II. LAW AND ANALYSIS

**Motion to Amend**

Fed.R.Civ.P. 15(a)(2) reads in part, "The court should freely give leave [to amend] when justice so requires." However, this liberal amendment policy is not without limits. The Sixth Circuit has observed: "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir.2010) (citing *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir.1995)).

In the instant matter, Bedford contends that the proposed amendment is futile and would cause prejudice and undue delay.

Delay, by itself, "does not justify denial of leave to amend." *Morse v. McWhorter*, 290 F.3d 800 (6th Cir.2002).

"In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir.1994).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Cicchini v. Blackwell*, 127 F.App'x 187, 190 (6th Cir. 2005) citing *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 518 (6th Cir. 2001).

At the time of its original Complaint filed in 2015, REACH acknowledged its partnership with Education Alternatives; yet REACH did not join Education Alternatives as a

party plaintiff.

Once again, Education Alternatives was not added in the First Amended Complaint filed on April 29, 2016.

For a period of time from February 16, 2017 until May 25, 2017, the captioned case was stayed while Education Alternatives pursued an administrative appeal of the decision of the Board of Building Appeals relating to the same group home at issue here. Upon reinstatement, a Case Management Conference was conducted and a schedule was set. REACH did not move to join Education Alternatives.

On September 26, 2017, the Court *sua sponte* entered an Order asking the parties to address the standing issue raised by the interplay of REACH and Education Alternatives. The parties filed their respective briefs. In December 2017, the Court accepted REACH's position that it has standing to maintain this action. However, the Court warned that Article III standing is a crucial component of federal court subject matter jurisdiction and REACH must be able to demonstrate that subject matter jurisdiction exists throughout the pendency of the litigation. The Court vowed to monitor REACH's standing vigilantly.

In January 2018, REACH filed a Second Amended Complaint which was stricken for exceeding the scope of the Court's leave.

Not until February 28, 2018, did REACH appropriately seek to amend in order to add Education Alternatives as a party plaintiff. The proposed amendment also challenges Bedford's allegedly discriminatory enforcement of its CANO against Plaintiffs, stemming from a January 2017 incident at which Education Alternatives was fined by the City.

The request by Plaintiff REACH is too late and would result in unfair prejudice.

The Court agrees with Bedford that after more than two years of litigation over the group home at 314 Union Street, REACH now looks to expand the scope of this case to include a new party and entirely new theories of liability. With a November 13, 2018 trial date approaching, REACH wants to pursue claims against Bedford involving the constitutionality of a nuisance ordinance and the City's supposed campaign of harassment and discrimination against Education Alternatives. These allegations encompass different time frames than have been relevant to the occupancy/use dispute proceeding here since 2015; require discovery of a different set of documents and depositions of a new set of witnesses; and involve City departments and personnel other than the Building Department.

Although amendments should be liberally granted, the Court cannot ignore the countervailing factors here. REACH has been dilatory in joining Education Alternatives as a party. The City of Bedford should not, in fairness, be compelled to expend significant additional resources to confront new witnesses and claims at this late date. Finally, this litigation is proceeding to a trial in five months and neither party should want to inhibit the ultimate resolution of this 2015 case by the end of this calendar year.

Therefore, the Motion (ECF DKT #50) of Plaintiff REACH Counseling Services for Leave to File Third Amended Complaint is denied.

**Motion to Dismiss**

"In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Factual allegations contained in a complaint must "raise a right to relief above the speculative level."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990). The United States Supreme Court, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), discussed *Twombly* and provided additional analysis of the motion to dismiss standard:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusion, are not entitled to assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-plead factual allegations a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 1950.

When a court is presented with a Rule 12(b)(6) motion, it may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

Defendant City of Bedford moves to dismiss Plaintiff's Second Amended Complaint, contending that res judicata precludes its claims, that REACH is in privity with Education Alternatives, that declaratory relief is moot because Bedford Ordinance 1915.24 has been amended and that REACH cannot demonstrate the necessary individual, particularized harm to support standing.

Application of the res judicata doctrine and of claim preclusion based upon privity of

the parties will require the Court to analyze all the relevant facts surrounding the administrative proceedings and Cuyahoga County Court of Common Pleas litigation arising out of the use and occupancy of the group home at 314 Union Street in Bedford, Ohio. Furthermore, Bedford's arguments that the claim for a declaration on the constitutionality of Bedford Ordinance 1915.24 is moot because it has been amended and that REACH has no standing to challenge constitutionality because REACH has not suffered compensable, particularized injury both necessitate the Court's examination of facts which have not been fully developed and are not clear in the four corners of the Second Amended Complaint.

The facts alleged are sufficient to recite plausible claims for relief. Therefore, the Motion (ECF DKT #58) of Defendant City of Bedford to Dismiss Plaintiff's Second Amended Complaint is denied.

**IT IS SO ORDERED.**

**s/ Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: June 4, 2018**